[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#108)
This case comes to this court as a Motion to Dismiss 108. The moving party filed a memorandum of law in support of the Motion To Dismiss and the plaintiff filed a written objection to the Motion to Dismiss 109 with a memorandum of law in opposition.
Under our Statute § 8-8 (j) when the defendant makes a motion to dismiss claiming that the appellant lacks standing to appeal, the appellant shall have the burden of proving his standing. The appellant agreed too and assumed that burden at the argument. The law in Connecticut is that to have standing, there must be aggrievement. In New England v. Public UtilityCommission, 247 Conn. 95, 103 the court said "Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal . . . it is (therefore) fundamental that in order have standing to bring an administrative appeal a person must be aggrieved . . . [T]he fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Citations omitted; internal quotation marks omitted.) United Cable Television Services Corp. v. Dept. ofPublic Utility Control, supra, 235 Conn. 342-43.
The plaintiff called no witnesses. The affidavit dated October 7 states that the plaintiffs anticipate loss of revenue as the result of the Board's action. The court finds this is not the aggrievement defined by our case law. They also anticipate traffic congestion will increase. The appellants are approximately one mile from the site. The court also finds that this is not the aggrievement discussed in the test above. The appellants do not recite that they own the property at 26 Arcadia Road, Old Greenwich.
The court finds that the plaintiffs are not statutorily nor classically aggrieved. Accordingly, the Motion to Dismiss is granted. Accordingly, the objection to the Motion to Dismiss is CT Page 13373 overruled.
KARAZIN, J.